# Exhibit B

FACTORING AGREEMENT
Between
Sharrow Engineering, LLC
and
KMA Partners

This Factoring Agreement (the "**Agreement**") is made and entered into this ___ day of November, 2024, by and between Sharrow Engineering, LLC, and its wholly owned subsidiary Sharrow Marine, LLC, companies organized and existing under the laws of the State of Delaware, with their principal office located at 51752 Danview Technology Court, Shelby Township, MI 48315 (collectively, "**Sharrow**"), and KMA Partners, a company organized and existing under the laws of the State of West Virginia, with its principal office located at 800 37th Street, Vienna, W. Virginia 26105. **("Factor").**

RECITALS

WHEREAS, Sharrow is engaged in the manufacturing and sale of marine propellers (the "**Propellers**"); and

WHEREAS, Sharrow desires to obtain advances from Factor on select of its sales of Propellers (such Propellers, as determined by Sharrow, the "**Factored Propellers**") through business-to-business ("**B2B**") and business-to-consumer ("**B2C**") sales channels (collectively, the "**Sales Channels**"); and

WHEREAS, Sharrow's contracts with each customer ("**Customer**") require such Customer to pay fifty percent (50%) of the purchase price ("**Payment #1**") prior to the commencement of the production of the Factored Propeller and the balance of the purchase price ("**Payment #2**") prior to shipment; and

WHEREAS, Factor is willing to advance funds to Sharrow based on such sales subject to the terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, the parties agree as follows.

1. DEFINITIONS

1.1. **Advance Amount**: The amount of money advanced by Factor to Sharrow for each Factored Propeller sold through the Sales Channels, which shall be equal to the full retail price of the Factored Propeller minus (i) the fee to be paid to Factor for the casting of such Factored Propeller in the amount of Eight Hundred Fifty Dollars ($850) per Factored Propeller (the "**Casting Fee**"), (ii) a factoring fee equal to One Hundred Thousand Dollars ($100) per Factored Propeller (the "**Factoring Fee**") and (iii) if applicable, a Rapid Prototype Pattern fee of Three Hundred Fifty Dollars ($350) (the "**Prototype Fee**" and, together with the Casting Fee and the

1

Factoring Fee, collectively the "**Factor Reductions**") (i.e. for a Factored Propeller that has a retail price of $5,000, an no prototype fee, the Advance Amount would be equal to $4,050).

1.2. **Receivables:** The accounts receivable generated from the sale of Factored Propellers.

1.3. **Collateral**: Sharrow's (i) entire inventory of work in process, and finished goods, (ii) all Accounts Receivable, (iii any Factored Propellers produced using the proceeds from the funds advanced under this Agreement, (iv) Sharrow's equipment set forth on **Schedule 1.3** hereto as such Schedule shall be amended from time to time.

1.4 Payments: Payment #1 and Payment #2 collectively.

1.5    **Rapid Prototype Pattern**. 3D printed wax positive used as the base of the castings that are manufactured by the Factor.

## 2. ADVANCES

2.1    Upon receipt of Payment #1 by a Customer to Sharrow's bank account, Sharrow agrees to transfer funds to the Factor's designated bank account. Upon receipt of funds, the Factor agrees to advance to Sharrow the Advance Amount for each Factored Propeller ordered through Client Sales Channels. In addition, Sharrow shall transfer to Factor Payment #2 received for each Factored Propeller for which Factor has made an Advance Payment within 3 business days.

2.2. Each Factored Propeller shall have a unique identifier for tracking purposes.

2.3    Factor shall provide the Advance Amount no later than three (3) business days following the receipt of Payment #1 in the factor's bank account. Factor's Advance Amount not to exceed 120 days from the date of receipt of Payment #1 or within 3 business days of receipt of payment # 2 whichever occurs first.

2.4    Factor will only lend against castings supplied by foundries approved by Factor.

2.5   The maximum amount of all Advances hereunder shall be Seven Hundred Fifty Thousand Dollars ($750,000).

2.6 Customer Default.  In the event that a Customer does not make Payment #2 to Sharrow, Sharrow shall have a period of One Hundred twenty (120) days (the "**Resale Period**") to resell the Factored Propeller and upon receipt of such funds, Sharrow shall pay the Factor an amount equal to Payment #2 within 3 business days

2.7    Returns. In the event that Sharrow elects to accept a return of a Factored Propeller and refund the Customer, any losses resulting therefrom shall be for the account of Sharrow.

2.8    Statements.  No later than the fifteenth (15th) day of each month, Sharrow and Factor shall jointly prepare a statement reflecting for the previous month (i) all Payments made to Sharrow by Customer for Factored Propeller (ii) all Advances made by the Factor.

### 4. COLLATERAL AND SECURITY INTEREST

4.1. As security for the advances made under this Agreement, Sharrow hereby grants Factor and Tec-Cast, LLC a continuing security interest in the Collateral for all outstanding balances. Factor and Tec- Cast shall be permitted to file UCC-1 financing statements with the Michigan Secretary of State with respect to the Collateral.

4.2. Sharrow represents and warrants that:

(a)    It holds title to all of the Collateral free and clear of any liens, encumbrances, or other claims, except for those liens arising from this Agreement and except for the liens granted to the lenders for such equipment; and

(b) All sales of Factored Propellers factored under this Agreement are bona fide.

(c)    Sharrow has provided to Factor an accurate UCC report showing all UCC filings against the Collateral;

(d)    Sharrow shall execute any documents reasonably requested by Factor to to perfect Factor's security interest in the Collateral.

### 5. EVENTS OF DEFAULT

5.1 The following events shall be deemed an event of default hereunder:

(a) A material breach by Sharrow of any representation or warranty set forth herein;

(b) The failure by Sharrow to fulfill its obligations hereunder;

(c)    Sharrow files any petition or action for relief under any bankruptcy, reorganization, insolvency or moratorium law or any other law for the relief of, or relating to, debtors, now or hereafter in effect, or seeks the appointment of a custodian, receiver, trustee (or other similar official) of Sharrow or all or any substantial portion of Sharrow's assets, or makes any assignment for the benefit of creditors or takes any action in furtherance of any of the foregoing, or fails to generally pay its debts as they become due;

(d)    Sharrow fails to make any payments due to Factor within sixty (60) days after receipt by Sharrow of a notice of such default.

5.2    Upon the occurrence of an Event of Default, Factor shall have all rights available to it under law or equity including the right to accelerate all amounts due and owing to Factor by Sharrow. In addition, in the event that Sharrow sells any of its intellectual property ("**IP**") after the occurrence of an Event of Default, Factor shall be entitled to receive the proceeds from the sale up to the amount necessary to satisfy any unpaid debts owed by Sharrow to Factor under this Agreement. Furthermore, upon the occurrence of an Event of Default, Factor shall be entitled to receive ten percent (10%) of any licensing revenue that Sharrow receives from licensing its IP to a third party, until the debts owed by Sharrow to Factor under this Agreement are fully satisfied.

## 7. TERM AND TERMINATION

7.1. This Agreement shall remain in effect for an initial term of one (1) year from the date of execution and shall automatically renew for successive one-year periods unless terminated by either party upon thirty (30) days' written notice.

7.2. Either party may terminate this Agreement for cause, including but not limited to a breach of any material term of this Agreement by the other party, by providing written notice to the breaching party and an opportunity to cure the breach within thirty (30) days. In addition, Sharrow and Factor shall have the right to terminate this Agreement upon the delivery to Factor or Sharrow, as the case may be of not less than 30 day's prior written notice.

7.3    Upon the termination of this Agreement, Sharrow shall pay to Factor all amounts due and owing hereunder no later than ninety (90) days from the date of termination. Upon the payment of such amounts, all liens granted hereunder shall terminate and Factor shall file any documents and statements required to terminate such liens.

## 8. MISCELLANEOUS

8.1. Governing Law: This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts. Any disputes arising under or in connection with this Agreement shall be resolved exclusively in the courts located within the Commonwealth of Massachusetts.

8.2. Entire Agreement: This Agreement constitutes the entire understanding between the parties and supersedes any prior agreements, understandings, or arrangements, whether oral or written.

8.3. Amendments: This Agreement may be amended only by a written agreement signed by both parties.

8.4. Assignment: Neither party may assign or transfer its rights or obligations under this Agreement without the prior written consent of the other party.

8.5. Notices: Any notice required or permitted to be given under this Agreement shall be in writing and shall be deemed to have been given when delivered in person or sent by registered mail to the other party at its address specified herein.

9.3. Factor shall be entitled to receive up to ten percent (10%) of any licensing revenue that Sharrow receives from licensing its IP to a third party, until the debts owed by Sharrow to Factor under this Agreement are fully satisfied.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

Sharrow Engineering, LLC

By: _____
Name: Greg Sharrow, CEO
Manager, duly authorized

Sharrow Marine, LLC
By: _____
Name: Greg Sharrow
Title: CEO
Manager, duly authorized

I, Greg Sharrow, personally guaranty, the payment obligations of Sharrow under this agreement to the extent of all amounts due to Factor after default by Sharrow and after Factor has used reasonable efforts to liquidate and receive proceeds of any Collateral.

_____
Greg Sharrow
KMA Partners

By: Its General Partner

JLP Consulting, LLC

_____
Name: Jane Whittington_
Manager

Schedule 1.3

Equipment

See attached spreadsheet

SCHEDULE 1.3

| Company | Item | Invoice Value | As of: 31 Oct 2024 Owed | Payment | Serial Numbers |
|---|---|---|---|---|---|
| SM | 15210 Boat -2021 Sportsman Masters 247 | $87,207.00 | $0.00 | $0.00 | SMNMC250A121 |
| SE | Boat - 2023 Robalo (New) | $249,000.00 | $211,650.00 | new | ROBS0115K223 |
| SM | 15250 Boat - 2021 Robalo | $172,359.68 | $130,550.79 | $968.00 | ROBS0160E021 |
| SM | 25230 2020 Sprinter Van | 67,642.10 | $19,341.69 | $1,242.68 | W1W4DCHYXLT042703 |
| SM | 25240 2021 Sprinter Van | $66,979.24 | $13,609.84 | $1,542.60 | W1Y4DCHYXMT048588 |
| SM | 25250 Truist 2022 Ford F-350 | $77,810 | $50,404.59 | $1,240.00 | 1FT8W3BT7NEE35604 |
| SM | 25260 GM Fin 2023 Isuzu Truck | $91,576.42 | $72,312.88 | $2,325.00 | JALE5W163P7303674 |
| SM | 25330 3 RRS-MV25 Walther | 287,549.00 | $187,429.27 | $5,606.51 | 121-04665 & 121-05538 & 121-05539 |
| SM | 15700 DMU 95 #1 | $560,300.00 | $136,827.58 | $5,832.71 | 12710009463 |
| SM | 15730 Voxiljet VX1000 3D Printing System #1 | $1,102,098.95 | $290,695.00 | $9,718.00 | VX1000-0066 |
| SM | 15740 Polisher GPA Dlyte PRO500 | $513,839.61 | $0.00 | $0.00 | 2000300-000068 |
| SE | 1500 Boat - Bayliner VR5 | $33,412.83 | $0.00 | $0.00 | BLBX3617C717 |
| SE | 15700 DMU 95 #2 | $301,700.00 | $130,829.04 | $5,738.00 | 12710009453 |
| SE | 15730 Voxiljet 3d Printer At Voxiljet #2 | $431,560.00 | $270,002.00 | $8,543.00 | VX1000-0068 |
| SE | 15760 Heller HF3500APC #1 | $717,000.00 | $299,255.00 | $9,366.00 | 59045 |
| SE | 15760 Heller HF3500APC #2 | $717,000.00 | $366,150.00 | $10,158.00 | 59046 |
| SE & SM | Boat Trailers | $3,849.00 | $0.00 | $0.00 | 45LBS1413G2096516 & 1ZETAZ2MXKA010043 & 1M5BA2420M1E02163 & 5KYBS2528HF524119 & 5001B3331RN395443 |
| | Total | $5,480,883.83 | $2,179,057.68 | $62,280.50 | |
| | | | | Equity | $3,301,826.15 |